UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DUPREE ANTOINE GLASS, | ) No. CV 07-07018-SGL (VBK) |
| Petitioner, | ) MEMORANDUM AND ORDER DENYING<br>) RESPONDENT'S MOTION TO DISMISS |
| v. | ) AND GRANTING PETITIONER'S<br>) REQUEST FOR A STAY |
| ANTHONY HEDGPETH, | ) |
| Respondent. | ) |

**<u>INTRODUCTION</u>**

On October 26, 2007, Dupree Antoine Glass (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 ("Petition"). In accordance with the Court's Order Requiring Response to Petition, on February 15, 2008, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus; Memorandum of Points and Authorities in Support; Exhibits" ("MTD"), contending that the Petition should be dismissed on the grounds that it is unexhausted. Petitioner filed an Opposition to the MTD and Alternatively Request for a Stay on April 30, 2008. Respondent has not filed an Opposition to Petitioner's Motion to

Stay.

The matter has been deemed submitted and is now ready for a decision. Having reviewed the allegations in the Petition, the matters set forth in the MTD and Opposition, **IT IS HEREBY ORDERED** that the MTD be denied and Petitioner's request for a Stay be granted.

## BACKGROUND

Following a jury trial in the Los Angeles County Superior Court, Petitioner was convicted of eleven counts of willful, deliberate and premeditated attempted murder in violation of California Penal Code ("PC") §§664/187(a) and one count of shooting at an inhabited dwelling (PC §246). Petitioner was sentenced on February 17, 2005 to state prison for eleven consecutive life terms, each with the possibility of parole, plus 220 years for firearm enhancements on each attempted murder count. (Lodged Document ["L.D."] A.)

Petitioner and his co-defendant filed appeals in the California Court of Appeal. (L.D.s B-G.) On July 18, 2006, the judgment was affirmed except that the 220 years imposed for the firearm enhancements was ordered stricken. (L.D. H.) Petitioner and his co-defendant both filed Petitions for Review in the California Supreme Court. (L.D.s I, J.) The Petitions for Review were denied without comment or citation to authority on November 1, 2006. (L.D. K.)

Petitioner filed the within Petition on October 26, 2007.

//
//

**PETITIONER'S CONTENTIONS**

Petitioner contends the following, <u>inter</u> <u>alia</u>:

1. Denial of constitutional right to due process under Fifth, Sixth and Fourteenth Amendments;
2. The trial court's failure to instruct on imperfect self defense denied Petitioner his constitutional right to have the jury determine every material issue presented by the evidence;
3. Violation of the Due Process Clause of the Fourteenth Amendment because there was insufficient evidence to support the jury's verdict of attempted murder under the "kill zone" theory; and
4. Violation of due process and Sixth Amendment right to a fair trial.

(<u>See</u> Petition at 5-6.)

**DISCUSSION**

Respondent contends that the within Petition is a "mixed" petition and is unexhausted as Petitioner failed to exhaust Ground Three. In Ground Three Petitioner contends there was insufficient evidence to support the underlying attempted murder convictions under the "kill zone" theory. Petitioner joined in his co-defendant's appeal and this ground was exhausted in the California Court of Appeal. However, Petitioner did not raise this claim in his Petition for Review in the California Supreme Court. Petitioner's co-defendant did raise this claim in his Petition for Review in the California Supreme Court. (L.D. J at 4-19.)

Petitioner in his Opposition alternatively has requested the

Court to exercise its discretion and stay the Petition, holding it in abeyance while Petitioner exhausts Ground Three in the state courts.

Petitioner requests a Stay in light of <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005), wherein the United States Supreme Court held that a Federal District Court may stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state court. Petitioner contends that good cause exists warranting a Stay and his claims are potentially meritorious. The stay and abeyance procedure adopted in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), allows a Stay when valid claims would otherwise be forfeited. <u>Id</u>. at 1070.

The Court has determined that Petitioner has established "good cause" and reasonable diligence justifying a Stay.

**ORDER**

**IT IS HEREBY ORDERED** that (1) Respondent's Motion to Dismiss is **DENIED**; (2) Petitioner's request for a Stay is **GRANTED**, provided Petitioner files a Status Report with this Court every 30 days, advising the Court whether his state habeas petitions remain pending; and (3) Petitioner must file a First Amended Petition, alleging his present exhausted claims as well as the newly exhausted claims (assuming the California Supreme Court denies habeas relief on the claims), within 60 days from the date of the California Supreme Court's decision on its habeas petition. Petitioner is cautioned that should he fail to act within these

//

//

time frames, the Court will order the Stay vacated <u>nunc pro tunc</u>, and he will not be allowed to raise additional claims in this action. <u>See</u> <u>Kelly</u>, 315 F.3d at 1070.

DATED: June 20, 2008                    /s/
                                        VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE